**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| YUSUF IBRAHIM, <br><br> Plaintiff, <br><br> v. <br><br> BRUCE DAVIS, *et al.*, <br><br> Defendants. | Civil Action No. 21-3633 (GC) (TJB) <br><br> **OPINION** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court on a motion to dismiss filed by Defendants J. Falvey and J. Patterson, which the Court construes as a motion to dismiss filed by Falvey only. (ECF No. 38 ("Motion to Dismiss").) Falvey moves to dismiss with prejudice *pro se* Plaintiff Yusuf Ibrahim's claim against him (*see* ECF No. 1 ("Complaint")). Plaintiff opposed the Motion to Dismiss (ECF No. 40), and Falvey filed a reply (ECF No. 43). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, the Motion to Dismiss is **DENIED**.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff's Complaint in this matter was partially severed from another action that Plaintiff had filed with this Court (*see* Civ. No. 19-5021). *Ibrahim v. Davis*, No. 21-3633, 2023 WL 8233395, at *1 (D.N.J. Nov. 28, 2023). As this Court observed in its opinion screening the allegations of the Complaint under 28 U.S.C. § 1915A(b), the "main crux" of his claims "arises

from a strip search and subsequent actions (or inactions) by [New Jersey State Prison ('NJSP')] staff towards Plaintiff." *Id.*

In Claim 28, Plaintiff asserts a First Amendment retaliation claim against Falvey related to disciplinary proceedings commenced in response to an incident that occurred when Plaintiff was using the legal access computer. (Complaint at 40.) When Plaintiff attempted to pass some legal information to another inmate, Officer Zetty gave him a cold stare and told floor officers to remove him from the station. (*Id.* at 41.) Plaintiff was removed, taken to a cell and strip searched by Officers Balon and Williams under the direction of Officer Zetty, even though he alleges that it is a common practice for inmates to pass notes. (*Id.*) Plaintiff was then sent to a dry cell, stripped naked, given a drug test, and his stool was X-rayed. (*Id.*) He spent four days in the dry cell, and the results of the drug tests were negative. (*Id.*) The other inmate was not subjected to similar treatment or charged with disciplinary violations regarding this incident. (*Id.*)

When he returned to his cell, Plaintiff allegedly found that two disciplinary charges had been filed against him, "one for allegedly swallowing a piece of paper, and another for having pockets sewn into my undergarments, both minor infractions: a. (.256) refusing to obey an order [and] b. (.210) possession of unauthorized item." (*Id.*); *see also* N.J. Admin. Code § 10A:4-4.1(a). Nearly every inmate at NJSP has extra pockets sewn into their clothes, and he had handed these same clothes to these very same officers for inspection numerous times. (Complaint at 41-42.) "The Hearing Officer J. Falvey (supervisor)" amended and upgraded the .210 charge to a more serious drug-related offense, specifically a (.*708) charge for refusing to submit to a search. (*Id.* at 42.) According to Plaintiff, this charge was "ludicrous" because it was upgraded after he had spent four days in a dry cell, naked and under 24 hour camera observation, defecated in a tray, and provided a urine sample, which came back negative. (*Id.*) Plaintiff told Falvey he was retaliating

2

against Plaintiff because Plaintiff was suing Falvey's "subordinate T. Cortes." (*Id.*) Plaintiff's request for an impartial hearing officer was denied. (*Id.*) Falvey found Plaintiff guilty of the disciplinary charges and sentenced him to 150 days of segregation consecutive to his current term and thirty days loss of recreation time. (*Id.*)

Plaintiff paid the full filing fee, and on November 28, 2023, the Court screened his Complaint to determine whether his claims were frivolous, malicious, or failed to state a claim upon which relief could be granted. *Ibrahim*, 2023 WL 8333295, at *1 (citing § 1915A(b)). The Court specifically permitted the retaliation claim against Falvey to proceed because Plaintiff alleged constitutionally protected conduct (i.e., he named Cortes as a Defendant in a lawsuit); the increase of the charge could constitute adverse action, *cf. Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003); *Smith v. Mensinger*, 293 F.3d 641, 653 (3d Cir. 2002), and, given the fact that a summons was returned executed against Cortes approximately ten days prior to Plaintiff getting initially written up on disciplinary charges, there is at least a possibility of a causal connection based on temporal proximity, *see Henderson v. Edens Corp.*, No. 09-1308, 2015 WL 49777189, at *9 (E.D. Pa. Aug. 20, 2015); (Civ. No. 19-5021, ECF No. 28). *Ibrahim*, 2023 WL 8233295, at *10; (ECF No. 12 at 1).

On May 16, 2024, Falvey filed his Motion to Dismiss.[1] (ECF No. 28). Plaintiff filed a response in opposition. (ECF No. 40). After obtaining new counsel, Falvey filed a reply. (ECF Nos. 41, 43).

II.     **STANDARD OF REVIEW**

On a motion to dismiss for failure to state a claim upon which relief can be granted, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of

---

[1] According to the notice of motion and the docket, Falvey and another Defendant (J. Patterson) filed the Motion to Dismiss. (ECF No. 38). However, the supporting brief and reply

3

the plaintiff, and assess whether the complaint and the exhibits attached to it 'contain enough facts to state a claim to relief that is plausible on its face.'" *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Directors of City of Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)). When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 903 (3d Cir. 2021)).

The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993)). Because Plaintiff is proceeding pro se, the Court construes his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (noting that courts must remain flexible, especially when dealing with imprisoned pro se litigants). However,

---

only address the retaliation claim against Falvey. (*See* generally ECF Nos. 38-1 & 43.) Specifically, the supporting brief states that "the Defendant's motion to dismiss should be granted, and the claim against Defendant Falvey should be dismissed with prejudice" (ECF No. 38-1 at 12), and the reply asks the Court to grant "Falvey's" Motion to Dismiss (ECF No. 43 at 2). Accordingly, the Court construes the Motion to Dismiss as being filed only by Falvey.

"'pro se litigants must still allege sufficient facts in their complaints to support a claim.'" *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III. DISCUSSION

Falvey argues that Plaintiff's retaliation claim against him should be dismissed because it is clearly barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). (ECF No. 38-1 at 1.) He asserts that the *Heck* doctrine precludes the claim because: (1) Plaintiff was found guilty of the disciplinary charges by Falvey and those charges have not been overturned, (2) the sanctions imposed implicated the fact or duration of confinement; and (3) his claim would thereby impugn the validity of the disciplinary adjudication that extended the duration of Plaintiff's confinement. (*Id.* at 7-12.) Falvey specifically notes that, on June 12, 2019, New Jersey Prison Assistant Superintendent Amy M. Emrich upheld Falvey's adjudication of Plaintiff's disciplinary charges, and, on November 4, 2020, the New Jersey Superior Court, Appellate Division, affirmed the administrative determination, finding "there was sufficient credible evidence in the record to support the NJDOC's decision that Ibrahim committed prohibited acts .210 and *.708, in violation of N.J.A.C. 10A:4-4.1(a)." (*Id.* at 8 (quoting *Ibrahim v. N.J. Dep't of Corr.*, No. A-5166-18T3, 2020 WL 6479071, at *3 (N.J. Super. Ct. App. Div. Nov. 4, 2020)); *see also Mayer*, 605 F.3d at 230 (stating that, in deciding motions to dismiss under Rule 12(b)(6), courts may consider matters of public record)  The New Jersey Appellate Division further noted that Falvey imposed, in addition to segregation time and loss of recreational privileges, the loss of 150 days of commutation time. (ECF No. 38-1 at 3-4 (citing *Ibrahim*, 2020 WL 6479701, at *2).) Under New Jersey law, commutation time, also known as  good time credits, affects the computation of a prisoner's parole eligibility date. *See Ruiz v. N.J. Dep't of Corr.*, No. 15-3304, 2020 WL 1130210,

at *3 (D.N.J. Mar. 9, 2020) (citing N.J. Stat. Ann. § 30:4-140). Loss of commutation time/good time credits results in a later parole eligibility date. *See id.*

According to Plaintiff, there was no probable cause to upgrade the charge to "a drug related matter," and Falvey retaliated against him by fabricating a drug issue, which Falvey knew would result in additional unwarranted punishments, including an additional 150 days in segregation. (*Id.* at 8.) In his reply, Falvey acknowledges that the *Heck* doctrine only applies where the process resulting in the prison disciplinary action is valid and unimpaired. (ECF No. 43 at 1-2 (discussing *Kounelis v. Sherrer*, 529 F. Supp. 2d 503 (D.N.J. 2008)).) He argues that Plaintiff has failed to present any argument or evidence of impairment in connection with either the search or the hearing process.[2] (*Id.* at 2.)

The Court concludes that Falvey has failed to show that the commutation time loss necessarily affected the length of Plaintiff's sentence under the applicable state law and *Heck*. *See In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig.*, 974 F.3d at 231 (stating that defendant moving to dismiss under Rule 12(b)(6) has the burden to show that the complaint fails to state a claim). Furthermore, even if commutation time loss were sufficient to trigger the *Heck* doctrine, Plaintiff states a facially plausible claim that the disciplinary process was impaired.

*Heck* prohibits suit under 42 U.S.C. § 1983 if success on the claim would necessarily imply that a prior conviction or sentence is invalid. 512 U.S. at 486-87. But if the "plaintiff's action,

---

[2] Relying on Justice Souter's concurring opinion in *Heck*, Plaintiff argues that he is pursuing an abuse of process claim, the *Heck* doctrine does not require a plaintiff to satisfy the favorable-termination requirement when abuse of process is at issue, and a successful abuse of process claim does not impugn the prior adjudication. (ECF No. 40-2 at 4-8 (discussing *Heck*, 512 U.S. at 492-95 (Souter, J., concurring)).) In his reply, Falvey observes that the *Heck* concurrence is not binding or established case law, Plaintiff does not allege an abuse of process claim in his Complaint, and, in any event, an abuse of process claim does implicate a favorable-termination element. (ECF No. 43 at 2 nn. 1-2.) The Court need not (and does not consider) the merits of the parties' "abuse of process" arguments because Falvey's motion must be denied on other grounds.

even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," the claim implicates none of these concerns and may therefore proceed. *Id.* at 487 (footnote omitted).

In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court applied the *Heck* bar to a § 1983 claim for damages and declaratory relief brought by a state prisoner challenging the validity of the prison disciplinary procedures used to deprive him of good time credits. *Id.* at 643. The Court explained that "[t]he principal procedural defect complained of by [plaintiff] would, if established, necessarily imply the invalidity of the deprivation of his good-time credits." *Id.* at 646. Consequently, the Court held the claim was not cognizable under § 1983. *Id.* at 648.

In *Muhammad v. Close*, 540 U.S. 749 (2004) (per curiam), however, the Supreme Court clarified that "*Heck's* requirement to resort to state litigation and federal habeas before § 1983 is not . . . implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence," *id.* at 751 (footnote omitted). The Court rejected "the mistaken view . . . that *Heck* applies categorically to all suits challenging prison disciplinary proceedings" regardless of whether the suit "challenges the validity of the underlying sentence or affects its duration." *Id.* at 754. In turn, the Supreme Court noted that disciplinary sanctions affecting the award or revocation of good time credits *could* affect a prisoner's underlying sentence but explained that no good time credits were implicated in the case before it. *Id.* The Court further noted that although "administrative determinations . . . may affect the duration of time to be served (by bearing on the award or revocation of good-time credits)[,] that is not necessarily so" because "[t]he effect of disciplinary proceedings on good-time credits is a matter of state law or regulation." *Id.*

Falvey asserts that Plaintiff's loss of commutation time is sufficient to trigger the *Heck* bar. (ECF No. 38-1 at 8-11.) Recent District of New Jersey decisions have analyzed this issue and concluded that commutation or good time credits on a New Jersey sentence do not necessarily result in an earlier release date. As Judge Hillman explained:

> The Court finds that Plaintiff's claims do not necessarily demonstrate the invalidity of Plaintiff's confinement or duration of his sentence. Unlike federal good time credits, New Jersey "good time" does not "necessarily" mean an earlier release date as the credits are used to compute the prisoner's parole eligibility date. N.J.S.A. § 30:4-140. "Parole eligibility is different from parole suitability. The fact that a prisoner is eligible for parole means only that the paroling authority must consider his application for parole under the relevant parole guidelines." *Thomas v. Brennan*, 961 F.2d 612, 614 n.3 (7th Cir. 1992). Therefore, "restoration of [Plaintiff's] good-time credits would afford him only speedier consideration for discretionary parole, rather than ensure speedier release." *Marshall v. Milyard*, 415 F. App'x 850, 855 (10th Cir. 2011) (finding retaliation claim was not *Heck* barred). *See also* [*Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)] (finding suit challenging state procedures used to deny parole eligibility was not *Heck* barred because "it means at most new eligibility review, which at most will speed *consideration* of a new parole application." (emphasis in original)). Because restoration of Plaintiff's good time credits would have only presented the possibility of earlier release as opposed to the surety, *Heck* does not necessarily bar his claims. *See also Nelson v. Campbell*, 541 U.S. 637, 647 (2004) ("[W]e were careful in *Heck* to stress the importance of the term 'necessarily.'").

*Ruiz*, 2020 WL 1130210, at *3. Relying on this explanation, Judge Arleo concluded that, "because Defendants have not demonstrated that the loss of credits necessarily lengthened Plaintiff's underlying sentence or addressed recent decisions in this area, they are not entitled to summary judgment on the basis of *Heck*." *Moore v. Colon*, No. 19-15379, 2023 WL 2675072, at *7 (D.N.J. Mar. 29, 2023). This Court likewise concludes that Falvey, who does not address the recent decisions in this area, has failed to meet his burden to show that Plaintiff does not state a claim for relief under *Heck*. *See Plavix Mktg., Sales Pracs. & Prod. Liab. Litig.*, 974 F.3d at 231.

Furthermore, even if the loss of commutation time under New Jersey law were sufficient to trigger the *Heck* doctrine, the Court concludes that Plaintiff pleads sufficient factual content that allows the Court to draw the reasonable inference that the disciplinary process was impaired. *See Clark*, 55 F.4th at 178. Falvey admits that "the *Heck* doctrine only applies where the process leading to the . . . prison disciplinary action is valid." (ECF No. 43 at 1 (citing *Kounelis*, 529 F. Supp. 2d at 529). "In *Kounelis*, the New Jersey District Court found 'that the disciplinary hearing itself is subject to attack and was impaired by the spoliation of evidence – evidence that may have supported Kounelis's version of events and resulted in a finding of not guilty.' 529 F. Supp. 2d at 529." (ECF No. 43 at 1.)

According to Falvey, Plaintiff asserts that the disciplinary hearings were impaired because he retaliated against Plaintiff for the pending civil complaint against his colleague (Cortes). (*Id.* at 2.) Falvey indicates that Plaintiff presents no argument or evidence of impairment besides a mere temporal connection between Cortes's recusal from the proceeding and Falvey's decisions in the disciplinary process. (*Id.*) But Falvey unduly minimizes the significance of the alleged temporal connection at the pleading stage of this case. As this Court observed in its screening opinion, Plaintiff had filed a lawsuit naming Cortes as a Defendant, and "[a] summons in that case was returned as executed against Hearing Officer Cortes approximately ten days prior to Plaintiff getting initially written up for disciplinary charges." *Ibrahim*, 2023 WL 8233295, at *10 (citing Civ. No. 19-5021, ECF No. 28). "Thus, there is at least a possibility of a causal connection based on temporal proximity. Indeed, '[t]he Third Circuit has held that time periods of two days and ten days are sufficiently suggestive, but a time period of "over two months" was "not unduly suggestive" and was insufficient to support an inference of causal connection.'" *Id.* (quoting *Henderson*, 2015 WL 4977189, at *9). Additionally, Plaintiff was initially charged with less

serious offenses until Falvey was assigned to this matter and upgraded the charge of refusing an order to the more serious charge of refusing to submit to a search. (Complaint ¶¶ 9, 11); *see also Ibrahim*, 2020 WL 6479071, at *1 & n.1 (indicating that such a charge is considered among the most serious and results in the most severe sanctions). Accordingly, Plaintiff adequately alleges impairment under *Kounelis*. *See Moore*, 2023 WL 2675072, at *9 ("Similarly, in this case, Plaintiff has provided evidence that two of the Defendants (Colon and DeBari) colluded to write false disciplinary reports naming Plaintiff as the aggressor and that Martin was discouraged from making a statement supporting Plaintiff's version of the incident. Defendants have not filed a reply brief to address these problematic facts, and the Court will not impose an evidentiary bar under these circumstances.").

## IV.  CONCLUSION

For the reason set forth above, and other good cause shown, Falvey's Motion to Dismiss is **DENIED**. An appropriate Order follows.

Dated: December 19, 2024

_____
GEORGETTE CASTNER
United States District Judge